**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**JAMAR E. OWENS**                                      **CIVIL ACTION**

**VERSUS**                                                    **NO. 19-10816**

**DARREL VANNOY, WARDEN**                          **SECTION "G"(2)**

## ORDER AND REASONS

Before the Court are Petitioner Jamar E. Owens's ("Petitioner") objections[1] to the Report and Recommendation of the United States Magistrate Judge assigned to this case.[2] Petitioner, a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.[3] The Magistrate Judge recommended that this Court dismiss the petition with prejudice because it was not timely filed.[4] Petitioner objects to the Magistrate Judge's recommendation.[5] After reviewing the petition, the State's response, the Magistrate Judge's Report and Recommendation, Petitioner's objections, the record, and the applicable law, the Court overrules Petitioner's objections, adopts the Magistrate Judge's recommendation, and dismisses this action with prejudice.

---

[1] Rec. Doc. 13.

[2] Rec. Doc. 12.

[3] Rec. Doc. 1.

[4] Rec. Doc. 12.

[5] Rec. Doc. 13.

1

## I. Background

*A.     Factual Background*

On March 2, 2012, Petitioner and two co-defendants were charged in Jefferson Parish in a nine-count bill of information.[6] Amendments to the bill of information resulted in Petitioner being charged with one count of armed robbery, one count of attempted armed robbery, one count of aggravated battery, and two counts of possession of a weapon by a convicted felon.[7] On July 24, 2013, a jury found Petitioner guilty as charged.[8] On August 16, 2013, the state trial court sentenced Petitioner to a term of ninety-nine years in prison for armed robbery, forty-five years in prison for attempted armed robbery, ten years in prison for aggravated battery, and ten years in prison for each of the two counts of possession of a weapon by a convicted felon.[9] The court ordered the sentences to run concurrently and all but the aggravated battery charge to be served without benefit of parole, probation or suspension of sentence.[10]

The Louisiana Fifth Circuit Court of Appeal affirmed Petitioner's conviction and sentence on September 24, 2014.[11] On October 2, 2015, the Louisiana Supreme Court denied Petitioner's related writ application.[12] The Petitioner did not file a writ application with the United States Supreme Court.

---

[6] State Rec., Vol. I of VII, Original Bill of Information, March 2, 2012.

[7] State Rec., Vol. I of VII, Amended Bill of Information, June 14, 2013.

[8] State Rec., Vol. I of V, Jury Verdict, July 24, 2013.

[9] State Rec., Vol. I of VII, Sentencing Minutes, August 16, 2013.

[10] *Id.*

[11] *State v. Owens,* 14-KA-41 (La. App. 5 Cir. 9/24/14); 151 So. 3d 86.

[12] *State v. Owens*, 14–KO–2252 (La. 10/2/15); 178 So. 3d 582.

On July 7, 2016, the Petitioner submitted an application for post-conviction relief to the state trial court.[13] On October 5, 2016, the state trial court denied the Petitioner's application.[14] On November 16, 2016, the Louisiana Fifth Circuit denied Petitioner's related writ application finding no error in the state trial court's ruling.[15] On April 2, 2018, the Louisiana Supreme Court denied Petitioner's subsequent writ application.[16]

On May 30, 2019, Petitioner filed the instant federal application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.[17] In the application, Petitioner argues the following: (1) he was denied a fair trial because of prosecutorial misconduct when the prosecutor shifted the burden during closing arguments; (2) the state trial court abused its discretion when it denied petitioner's Confrontation Clause objection to the admission of recorded statements made during a telephone call from the jail; (3) he was denied effective assistance of counsel based on a conflict of interest; (4) his confrontation rights were violated when several state witnesses testified to information provided by a witness who was not present; and (5) prosecutorial and judicial misconduct occurred when other crimes evidence was admitted at trial.[18] In his supporting memorandum, Petitioner also claims that he lost some of his legal paperwork in November 2017, and requests that this Court excuse the untimely filing of the federal petition.[19]

---

[13] State Rec. Vol. I of VII, Application for Post-Conviction Relief, July 7, 2016.

[14] State Rec. Vol. I of VII, Trial court Order, October 5, 2016.

[15] State Rec. Vol. II of VII, 5th Cir. Order, 16-KH-632, November 16, 2016.

[16] *State ex rel. Owens v. State*, 2018 WL 1611284, (La. Apr. 2, 2018).

[17] Rec. Doc. 1.

[18] *Id.* Rec. Doc. 9, 13.

[19] *Id.*

3

On July 17, 2019, the State filed a response in opposition to Petitioner's federal petition asserting that the petition is time-barred and that Petitioner failed to establish entitlement to equitable tolling.[20] The State also claims that the Louisiana State Penitentiary has no administrative grievance or property claims from Petitioner in the prison system despite Petitioner's assertion that he wrote prison officials to locate the allegedly lost paperwork.[21] In reply to the State's opposition, Petitioner reasserts his request for equitable tolling for the time he spent attempting to locate his lost paperwork after November 23, 2017.[22] He claims that the paperwork was misplaced when he was transferred to administrative segregation, which he asserts was outside of his control.[23] He claims that after the paperwork was returned to him, he was able to file his federal petition.[24]

## B.   *Report and Recommendation Findings*

On November 18, 2019, the Magistrate Judge recommended that the petition be dismissed with prejudice as it was not timely filed.[25] The Magistrate Judge noted that under Subsection A of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner must file a habeas corpus petition within one year of the date his conviction became final.[26] The Magistrate Judge determined that Petitioner's conviction became final on December 31, 2015, ninety days after the Louisiana Supreme Court denied Petitioner's direct-review writ application.[27] As such,

---

[20] Rec. Doc. 9 at 9–10.

[21] *Id.* at 10.

[22] Rec. Doc. 11 at 7–8.

[23] *Id.*

[24] *Id.*

[25] Rec. Doc. 12 at 1.

[26] *Id.* at 8.

[27] *Id.* at 9.

Petitioner was required to file his federal habeas corpus petition by January 3, 2017, unless the statute of limitations was extended through tolling.[28]

The Magistrate Judge determined that Petitioner was entitled to one period of statutory tolling under 28 U.S.C. § 2244(d)(2), which establishes that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."[29] In this case, the one-year AEDPA statute of limitations began to run on January 1, 2016, the day after the Petitioner's conviction became final under federal law.[30] The period ran uninterrupted for 188 days, until July 7, 2016, when Petitioner filed an application for post-conviction relief before the state trial court.[31] The statute of limitations remained tolled until April 2, 2018, when the Louisiana Supreme Court denied Petitioner's related writ application.[32] The statute of limitations began to run again on April 3, 2018, and continued to run uninterrupted for the remaining 177 days, until September 26, 2018, when it expired.[33]

The Magistrate Judge determined that Petitioner had no properly filed application for state post-conviction relief or other collateral review pending during that time period to toll the AEDPA one-year statute of limitations for a second time.[34]  The Petitioner's federal petition was filed under

---

[28] *Id.* at 9,  n.24.

[29] *Id*. (quoting 28 U.S.C. § 2244(d)(2)).

[30] *Id.* at 17.

[31] *Id.*

[32] *Id.*

[33] *Id.* at 17.

[34] *Id.* at 17.

the mailbox rule on May 30, 3019, which was over eight months after the AEDPA one-year filing period expired September 26, 2018.[35] Therefore, the Magistrate Judge found that the petition was untimely even after accounting for statutory tolling under 28 U.S.C. § 2244(d)(2).[36]

The Magistrate Judge also considered whether Petitioner was entitled to equitable tolling.[37] The Magistrate Judge noted that the Supreme Court has held that the AEDPA's statute of limitations may be equitably tolled where the Petitioner shows both that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing.[38] Petitioner argued that the limitations period should be equitably tolled because he lost some of his paperwork on or about November 23, 2017, and was unable to retrieve it from prison officials. The Magistrate Judge found several similar cases in various federal district courts within the Fifth Circuit Court of Appeals that held that the loss of legal paperwork at a prison is not an extraordinary circumstance for purposes of equitable tolling.[39] The Magistrate Judge concluded that because Petitioner had not shown any "extraordinary circumstance" had prevented him from filing his federal application within the one-year limitations period, Petitioner was not entitled to equitable tolling.[40]

---

[35] *Id.* at 18.

[36] *Id.*

[37] *Id.* at 10.

[38] *Id.* (citing *Pace v. DiGuglielmo*, 544 U. S. 408, 418 (2005)).

[39] *Id.* at 10–11 (citing *Powell v. Kelly*, 2007 WL 1112613 (S.D. Miss. Apr. 10, 2007); *Dugas v. Cain*, 2010 WL 2816247 (W.D. La. May 25, 2010)).

[40] *Id.* at 14.

Finally, the Magistrate Judge noted that Petitioner did not assert a claim of actual innocence nor did he bring new, reliable evidence calling into question the validity of his conviction.[41] After accounting for tolling and because Petitioner failed to show that he was actually innocent of the crimes for which he was convicted, the Magistrate Judge determined the federal application for habeas corpus relief had to be filed no later than September 26, 2018, in order to be timely.[42] Accordingly, the Magistrate Judge concluded that Petitioner's application filed on May 30, 2019 is untimely, and recommended that the petition be dismissed with prejudice.[43]

## II. Objections

### A    *Petitioner's Objection*

Petitioner objects to the Magistrate Judge's Report and Recommendation and argues that he is entitled to equitable tolling beginning before September 26, 2018, which is when he agrees the statute of limitations began to run after accounting for statutory tolling.[44] Petitioner asserts that he lost his legal paperwork after he was placed in administrative segregation and then transferred to a new location.[45] Petitioner states that he could not litigate his claims in court without his paperwork, and he worked for one year to retrieve his paperwork [46] Petitioner argues that the loss of his paperwork is an extraordinary circumstance and his pursuit to locate it demonstrates that he has been pursuing his rights diligently.[47]

---

[41] *Id*. at 18.

[42] *Id.* at 19.

[43] *Id.*

[44] Rec. Doc. 13.

[45] *Id.* at 4.

[46] *Id.*

[47] *Id*. at 6.

7

*B.*     *The State's Opposition*

Despite receiving electronic notice of the filing, the State of Louisiana did not file a brief in opposition to Petitioner's objection.

### III. Standard of Review

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. A District Judge "may accept, reject, or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[48] The District Judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[49] A District Court's review is limited to plain error of parts of the report which are not properly objected to.[50]

### IV. Law and Analysis

*A.*     *AEDPA Statute of Limitations*

The AEDPA establishes a one-year statute of limitations for the filing of habeas corpus applications, which shall run from the latest of:

> A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[48] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[49] Fed. R. Civ. P. 72(b)(3).

[50] *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objection from ten to fourteen days).

8

D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[51]

The Magistrate Judge applied the limitation period established by Subsection A. Petitioner does not object to this determination or argue that any other subsection should apply. Therefore, reviewing for plain error, and finding none, the Court adopts the Magistrate Judge's finding that Petitioner is not entitled to application of the other subsections.

### B.      Timeliness Under Subsection A

The Magistrate Judge found that the conviction became final on December 31, 2015, ninety days after the Louisiana Supreme Court denied Petitioner's direct-review writ application.[52] Petitioner does not object to this determination or argue that his conviction became final on any other date.[53] Accordingly, the Court reviews this issue for plain error.

Applying Subsection A, the United States Fifth Circuit Court of Appeal has explained that "[w]hen a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court."[54] On October 2, 2015, the Louisiana Supreme Court denied Petitioner's writ application on direct appeal.[55] Petitioner's conviction became final ninety days later, on December 31, 2015, when the time expired for filing an application for writ of certiorari with the United States Supreme

---

[51] 28 U.S.C. § 2244(d)(1).

[52] Rec. Doc. 12 at 8.

[53] Rec. Doc. 13.

[54] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) (internal citations omitted).

[55] *Hernandez*, 750 So. 2d at 194.

Court. Accordingly, Petitioner had until January 3, 2017, to file his federal habeas petition unless he can establish entitlement to tolling.[56]

### 1. Statutory Tolling

The Magistrate Judge found that Petitioner is entitled to one period of statutory tolling.[57] Petitioner does not object to this determination.[58] Accordingly, the Court reviews for plain error.

The AEDPA provides for statutory tolling throughout "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[59] The statute of limitations period began to run on January 1, 2016, and it ran without interruption for 188 days; until July 7, 2016, when Petitioner submitted his state court application for post-conviction relief. The state court proceeding remained pending and tolled the one-year AEDPA filing period until April 2, 2018, when the Louisiana Supreme Court denied Petitioner's related writ application. The statute of limitations began to run again on April 3, 2018, continuing to run uninterrupted for the remaining 177 days, until September 26, 2018, when it expired. Between April 3, 2018 and September 26, 2018, Petitioner did not file any other applications for state post-conviction relief or collateral review to further toll the statute of limitations. Accordingly, the Court adopts the Magistrate Judge's finding that Petitioner is entitled to one statutory tolling period between July 7, 2016 to April 2, 2018.

---

[56] The last day of the one-year period was Saturday, December 31, 2016. The final day therefore fell on the next business day, Tuesday, January 3, 2017, because Monday, January 2, 2017, was a state holiday. See La. Rev. Stat. § 1:55(A)(4) (declaring that when January 1 falls on a Sunday, the next day is a holiday); La. Code Crim. P. art. 13 (when the final day of a period is a Saturday or Sunday, the end of the period falls to the next business day); Fed. R. Civ. P. 6.

[57] Rec. Doc. 12 at 17.

[58] Rec. Doc. 13

[59] 28 U.S.C. § 2255(d)(2).

### 2. Equitable Tolling

The Magistrate Judge found that Petitioner is not entitled to equitable tolling.[60] Petitioner objects to this determination.[61] Petitioner states that he lost his legal paperwork after being placed in administrative segregation and then transferred to a new location.[62] Petitioner argues that he could not litigate his claims in court without his paperwork.[63] Accordingly, the Court reviews this issue *de novo.*

The United States Supreme Court has held that, in rare circumstances where a petitioner's habeas corpus application would be otherwise untimely, the AEDPA's statute of limitations may be subject to equitable tolling.[64] To establish entitlement to equitable tolling, a petitioner must show that: "(1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing."[65] A petitioner bears the burden of establishing entitlement to equitable tolling and "must demonstrate rare and exceptional circumstances warranting application of the doctrine."[66]

Here, Petitioner argues that he is entitled to equitable tolling because the loss of his paperwork during his administrative segregation is an extraordinary circumstance and his pursuit to locate it demonstrates that he has been pursuing his rights diligently.[67] Petitioner rests his

---

[60] Rec. Doc. 12 at 14.

[61] Rec. Doc. 13.

[62] *Id*. at 4.

[63] *Id*.

[64] *Holland*, 560 U.S. at 645.

[65] *Id.* at 649 (internal citations and quotation marks omitted).

[66] *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

[67] Rec. Doc. 13 at 6.

argument only on the fact that he has been unable to locate his legal paperwork after an unspecified time period in administrative segregation beginning around November 2017. Petitioner does not argue that he was in administrative segregation while the statute of limitations ran from April 3, 2018 and September 26, 2018; nor does Petitioner advance any reasoning to support the claim that he was unable to file a petition without his paperwork. Therefore, Petitioner has not shown that any extraordinary circumstance prevented him from filing his petition within the limitations period. Accordingly, on *de novo* review, the Court finds that Petitioner is not entitled to equitable tolling.

### 3. Actual Innocence

The Magistrate Judge found that Petitioner did not assert a claim of actual innocence.[69] Petitioner does not object to this determination.[70] Accordingly, the Court reviews for plain error.

In *McQuiggin v. Perkins*, the United States Supreme Court held that "actual innocence, if proved, serves as a gateway through which a [habeas] petitioner may pass whether the impediment is a procedural bar . . . or expiration of the statute of limitations."[71] The Court cautioned, however, that this exception "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'"[72] The Supreme Court has explained:

> It is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses; rather the standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do. Thus, a petitioner does not meet the threshold requirement unless

---

[69] Rec. Doc. 12 at 18, n.31.

[70] Rec. Doc. 13.

[71] *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

[72] *Id.* at 395 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.[73]

Petitioner does not argue that he is actually innocent of the crimes for which he was convicted, nor does he present any new evidence to establish his innocence. Therefore, Petitioner has not established that the "actual innocence" exception is applicable here.

## V. Conclusion

For the foregoing reasons, the Court finds that the petition is time-barred. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation and Petitioner Jamar E. Owens' petition for issuance of a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 is **DISMISSED WITH PREJUDICE.**

**NEW ORLEANS, LOUISIANA,** this  8th  day of September, 2020.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[73] *Schlup*, 513 U.S. at 329.